UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JAY JOHNSON,

              Plaintiff,                  **MEMORANDUM & ORDER**

   -against-                         Civil Action No. 12-1476

ULTRAVOLT, INC.,
              Defendant.
----------------------------------------------------X

**APPEARANCES:**

**Law Offices of Neil H. Greenberg & Associates, P.C.**
Attorneys for Plaintiff
900 Merchants Concourse, Suite 314
Westbury, New York 11590
By:  Justin M. Reilly, Esq.

**Zeichner Ellman & Krause LLP**
Attorneys for Defendant
575 Lexington Avenue
New York,  New York 10022
By:  Phillip S. Rosen, Esq.
     Robert Guttman, Esq.

**HURLEY, Senior District Judge:**

     Plaintiff Jay Johnson ("plaintiff") commenced this action seeking to recover remuneration allegedly owed to him arising from his employment with defendant Ultravolt, Inc. ("defendant") as a sales applications engineer.  Currently before the Court is defendant's motion for partial summary judgment dismissing plaintiff's fourth cause of action, brought pursuant to the N.Y. Labor Law, to the extent it seeks to recover commissions for the fourth quarter 2011 and an annual bonus for 2011.  For the reasons set forth below, defendant's motion is denied.

FACTS

     The following facts are undisputed and are taken from defendant's Rule 56.1 statement

and plaintiff's counter-statement:

Plaintiff was employed as a sales application engineer by defendant from February 22, 2010 to December 16, 2011.  During his employment with defendant, plaintiff signed[1] three memoranda regarding commissions and bonuses.  The first is dated "Revised April 1, 2010," and had a subject line "Compensation Plan for CYE 10 Q2 for Sales AE's."  The second and third memoranda are dated "Revised February 1, 2011" and "Revised July 26, 2011 and both concerned the compensation plan for "CYE11."   Each of the memoranda provide that: "This compensation plan is subject to change or cancellation at any time.  Eligibility for the plan is based on employment at the time of payment."  Each of the memoranda also provide that quarterly commissions "would be paid quarterly, typically in the first month for the previous quarter" and the annual bonus "would be paid annually, typically in the first quarter (March) for the previous year . . . ."

## DISCUSSION

### I.  Standard for Summary Judgment Motion

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law.  *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).  The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing

---

[1]  Plaintiff's signature on the first memorandum is dated January 11, 2011.  His signatures on the latter two are not dated.

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor.  *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried.  *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).  The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)), and cannot rely on the allegations in his or her pleadings, on conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible," *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citations omitted).  "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper."  *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The district court, in considering a summary judgment motion, must also be mindful of the underlying burdens of proof because "the evidentiary burdens that the respective parties will

bear at trial guide district courts in their determination of summary judgment motions." *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988).  Where the non-moving party will bear the ultimate burden of proof on an issue at trial, "the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the" non-movant's claim.  *Id.* at 210-11.  Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to present sufficient evidence in support of his claim, the burden shifts to the non-movant to offer "persuasive evidence that his claim is not 'implausible.'" *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587).

## II. Summary of Arguments

Defendant contends that plaintiff is not entitled to a 2011 annual bonus or 2011 fourth quarter commissions because he left its employ in December 2011 and was not employed at the time of payment.  Plaintiff argues that he is entitled to commissions he earned prior to his resignation and the memoranda are not enforceable employment contracts.

## III.  Defendant's Motion is Denied

In New York, the rule with respect to the payment of bonuses is well settled. "An employee's entitlement to a bonus is governed by the terms of the employer's bonus plan". *Hall v. UPS of America*, 76 N.Y.2d 27, 36, 556 N.Y.S.2d 21(1990) ( citing, *Bayer v. Oxford Univ. Press*, 270 App. Div. 586, 61 N.Y.S.2d 209 (1st Dept. 1946), *aff'd*, 296 N.Y. 780, 71 N.E.2d 215 (1947). It is also an accepted principle that an employment without a specific termination date is terminable at will and that a sales representative paid on a commission basis is not entitled to commissions for a period after termination of employment. *Mackie v. La Salle Industries, Inc*., 92 A.D.2d 821, 822, 460 N.Y.S.2d 313 (1st Dept. 1983).  However, there is also a long standing

policy in New York against the forfeiture of earned wages which applies to earned, uncollected commissions as well. *Cohen v. Lord, Day and Lord*, 75 N.Y.2d 95, 101–102, 551 N.Y.S.2d 157 (1989).

Article 6 of New York's Labor Law "sets forth a comprehensive set of statutory provisions enacted to strengthen and clarify the rights of employees to the payment of wages." *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 223, 715 N.Y.S.2d 366, 367 (2000).  It defines wages as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."  N.Y. Labor Law § 190(1).   "[C]ertain forms of 'incentive compensation' that are more in the nature of a profit-sharing arrangement and are both contingent and dependent, at least in part, on the financial success of the business enterprise" do not qualify as wages.  *Truelove*, 95 N.Y.2d at 223-24.   In *Truelove*, the New York Court of Appeals concluded that the payments at issue were not wages:

> The terms of defendant's bonus compensation plan did not predicate bonus payments upon plaintiff's own personal productivity nor give plaintiff a contractual right to bonus payments based upon his productivity. To the contrary, the declaration of a bonus pool was dependent solely upon his employer's overall financial success. In addition, plaintiff's share in the bonus pool was entirely discretionary and subject to the non-reviewable determination of his employer.

*Id*. at 224.

Where, however, bonus compensation is linked to the employee's personally rendered labor or services and is earned before his/her employment is terminated, even if voluntarily, the payments are wages under the Labor Law.  *See Ryan v. Kellogg Partners Institutional Serv.*, 19 N.Y.3d 1, 16, 945 N.Y.S.2d 593, 602 (2012).  *See also Andrews v. Sotheby International Realty,*

5

*Inc.* 2014 WL 626969 *7, n. 4 (S.D.N.Y. 2014); *Econn v. Barclays Bank PLC*, 2010 WL 9008868, *4 (S.D.N.Y. June 10, 2010); *Fiorenti v. Central Emergency Physicians, P.L.L.C.,* 187 Misc. 2d 805, 808-09, 723 N.Y.S.2d 85, 85 (Sup. Ct. Nassau Co. 2001).

Based on the foregoing, plaintiff's entitlement to recover the quarterly and annual payments at issue depends on whether the payments are wages, i.e., linked to his personally rendered services or productivity.  If one or more of the payments are so linked, then it/they fall within the ambit of the protection of wages provided under the Labor Law notwithstanding the contract provision that eligibility is based on employment at the time of payment.  *See Arbeeny v. Kennedy Executive Search, Inc.*, 71 A.D.2d 177, 893 N.Y.S.2d 39 (1st Dept. 2010);  *Perelli v. Liberty Mut. Ins. Co.*,  2013 N.Y. Lexis 901, *6-7 (Sup. Ct. N.Y. County 2013)  Neither party, however, has addressed this issue and without the benefit of briefing on this issue, the court is constrained to deny defendant's motion, albeit without prejudice.

## CONCLUSION

For the foregoing reason, defendant's motion for summary judgment is denied without prejudice.

Dated:  Central Islip, New York
        January 29, 2015                  s/ Denis R. Hurley
                                          Denis R. Hurley
                                          United States District Judge